ALD-146                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2871
_____

JOHN CHARLES KENNEY,
Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-01030)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
February 19, 2016

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: February 23, 2016)
_____

OPINION*
_____

PER CURIAM

        Appellant John Charles Kenney, an inmate at U.S.P. Lewisburg, appeals from the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

District Court's denial of his habeas petition pursuant to 28 U.S.C. § 2241. Because this appeal does not present a substantial question, we will summarily affirm. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Kenney challenges his August 7, 2013 disciplinary proceedings for assaulting another inmate, in which he was sentenced to 27 days' loss of good conduct time, loss of phone privileges, loss of commissary privileges, and loss of visiting privileges for 120 days. Kenney denies committing the assault. He also claims that his disciplinary proceedings violated his constitutional right to due process for three reasons: (1) the Disciplinary Hearing Officer ("DHO") who presided over his hearing refused to call two witnesses on Kenney's behalf, (2) the staff representative who was appointed to assist Kenney refused to conduct pre-hearing preparation and refused to contact people on his behalf, and (3) insufficiency of the evidence. The District Court agreed that Kenney's challenge was to the execution of his sentence, and therefore appropriate under § 2241. It denied his petition, however, finding that Kenney was afforded his minimum procedural due process rights as set forth by the Supreme Court's decision in Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Additionally, finding that the DHO's findings were supported by "some evidence," the District Court held that the DHO's decision was entitled to deference. See Superintendent v. Hill, 472 U.S. 445, 456-57 (1985).

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous

---

constitute binding precedent.

2

standard to its factual findings." <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002).

The District Court correctly concluded that Kenney was not denied his constitutional right to due process. As the Supreme Court has stated, inmates are afforded the right to: (1) appear before an impartial decision making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision of the fact finder of the evidence relied upon and the rationale behind the disciplinary action.

The record reflects that Kenney was afforded these rights. Kenney was given written notice of his charges on July 11, 2013, and his hearing was not until August 7, 2013, well over twenty-four hours later. He was afforded a staff representative for his hearing,[1] and does not dispute the impartiality of the DHO who presided over his hearing. Finally, he was given a written decision with the reasons for his disciplinary action – multiple eye-witness accounts of prison staff indicated that Kenney kicked Coutinho-Silva several times in the abdomen and legs on the morning of July 11, 2013. He refused

---

[1] Kenney complains that the staff representative, Mr. Hollenbach, did not conduct pre-hearing preparation. This is unsupported by the record.

to stop despite being ordered to do so several times, and stopped only when chemical agents were deployed on him. D.C. dkt #1-1 at 3.

Kenney complains that two witnesses were not called on his behalf during his disciplinary hearing: inmate Coutinho-Silva and Lieutenant Roger Miller. He claims that Coutinho-Silva, whom he allegedly assaulted, would have testified that Kennedy did not assault him. He testified that Lieutenant Roger Miller would have "clear[ed] all this up." D.C. dkt #1-1 at 3. Coutinho-Silva was not called as a witness because he was housed in a Special Management Unit separate from Kenney at the time of the hearing, and calling him as a witness would have presented security concerns. Id. His account, which stated that Kenney did not assault him, was read during the hearing. Id. Miller was not called as a witness because he documented his eyewitness account of the incident in a memorandum, which was read during the hearing. Id. The DHO stated that, in any case, Miller would have been an adverse witness. Id. The DHO's refusal to call these witnesses is in line with the Supreme Court's opinion in Wolff. As the Court stated, "Although we do not prescribe it, it would be useful for the [DHO] to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases." Wolff, 418 U.S. at 566. Inmates do not have an "unqualified right to call witnesses." Id. We conclude that the DHO's refusal to call Coutinho-Silva and Miller did not deprive Kenney of his right to due process.

The District Court also correctly concluded that the DHO's decision to sanction Kenney was supported by "some evidence," as required under Superintendent v. Hill.

4

"[W]here good-time credits constitute a protected liberty interest, a decision to revoke such credits must be supported by some evidence." 472 U.S. at 447. However, "[a]scertaining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion." 472 U.S. at 455-56. Here, the DHO explained that the weight of the evidence indicated that Kenney assaulted Coutinho-Silva because multiple prison staff who were eye-witnesses of the incident stated that Kennedy committed the assault. The Court therefore correctly concluded that this meets the "some evidence" standard.

As this appeal presents no substantial question, we grant the Appellees' motion for summary affirmance and will summarily affirm the judgment of the District Court.